UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAEHYUN KIM,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>　　　　　Defendants. | **Civil Action No:1:25-cv-13928-WGY** |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

1. Plaintiff respectfully moves for entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to prevent witness intimidation or retaliation, clarify permissible witness communications, and preserve the integrity of testimony in this action.

2. Prior to filing this motion, Plaintiff issued preservation notices and cease-and-desist letters and contacted Defendants' counsel to confirm whether those notices had been served on all relevant parties on January 16, 2026. Plaintiff requested identification of recipients and dates of service and advised defense counsel of the intent to seek a protective order to prevent witness intimidation if clarity was not provided.

3. On January 16, 2026, Timothy J. Fazio, outside counsel of MCPHS University replied that only "a general legal hold" was initiated throughout the university, without

   specification of the individual preservation notices and custodians that Plaintiff requested to save.

4. As of the filing of this motion, uncertainty remains regarding the scope and dissemination of preservation instructions, including to custodians whose contact information the University has knowledge of, but not Plaintiff.

5. This matter has already involved contact with outside law-enforcement authorities, including the **Boston Police Department and the Boston Regional Intelligence Center**. Once law enforcement is engaged, ambiguity in witness communications is no longer benign: it risks chilling cooperation, distorting recollection, and creating later disputes over coercion or obstruction. Courts routinely intervene early in such circumstances to draw bright lines before testimony is shaped rather than preserved.

6. During law-enforcement contact related to this matter, Detective Anjos was directly asked whether immigration authorities such as ICE or the Department of Homeland Security were aware of or involved in the matter. **He responded: "Not unless on my recommendation."**

7. That statement confirms that escalation to federal immigration authorities was discretionary and contingent, not foreclosed. For witnesses—particularly students or staff with uncertain immigration status or future professional licensure exposure—this creates a concrete and reasonable chilling effect. Judicial clarification is necessary to ensure that participation in this action is not influenced, implicitly or explicitly, by fear of discretionary escalation beyond the civil forum.

8. In addition, Plaintiff seeks clarification of permissible witness communications where institutional defendants **exercise centralized authority over students or administrators**

**who may possess relevant information, so as to ensure that participation in this action is voluntary, uncoerced, and free from undue influence or coordination.**

9. Defendants' counsel has separately referenced "anger that has been expressed privately," without identifying the date, speaker, or specific language at issue. That characterization appears to derive from a private conversation in which Plaintiff expressed frustration regarding an individual's claimed inability to recall material facts relevant to this action, including facts bearing on statements made by another student.

10. In that private exchange, Plaintiff referenced the possibility of a subpoena—a lawful litigation mechanism—without any intent to threaten, coerce, or intimidate. That comment was not communicated to the University by Plaintiff, was not contemporaneously raised with him, and was later reframed without context. It is included here solely to clarify the factual record, not as a basis for any claim or defense.

11. Subsequent sworn testimony in related proceedings against the same Defendant has confirmed that individual administrators **were not uniformly instructed to preserve documents or communications and that questions regarding privilege, witness preparation, and document handling arose on the record.**[1] This motion seeks to prevent those issues from recurring here.

12. Plaintiff does **not** seek discovery procedures, confidentiality designations, or any relief that would prejudice the merits. The requested order merely formalizes obligations that already exist under federal law and reduces the likelihood of future disputes.

13. Furthermore, the University has previously been noted to have engaged in witness preparation practices that raised questions regarding independence of testimony.

---

[1] See Deposition of Steven Crosby at 15–16, Finnegan v. Mass. Coll. of Pharmacy & Health Scis., No. 1:23-cv-12997-DJC (D. Mass. Sept. 30, 2025), ECF No. 35-2.

14. This motion is filed **pre-discovery** and seeks **narrow, non-burdensome relief** intended solely to preserve the status quo, protect witnesses from retaliation or interference, and ensure preservation of relevant evidence pending resolution of dispositive motions.

15. As set forth below and in the proposed order submitted herewith, good cause exists for narrowly tailored, preventive relief.

16. Plaintiff, proceeding pro se, therefore respectfully moves this Court for a limited protective and supervisory order pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent authority to manage proceedings and safeguard the integrity of this action.

## LEGAL AUTHORITY

17. Federal courts possess inherent authority to issue protective and supervisory orders necessary to:
    - Prevent retaliation or interference with witnesses
    - Preserve evidence
    - Maintain the orderly administration of justice

See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991).

18. Rule 26(c) further authorizes protective relief where necessary to prevent annoyance, intimidation, or undue burden. Although discovery has not yet commenced, courts routinely exercise supervisory authority **before discovery** to ensure witness freedom and evidence preservation.

19. Clarify preservation obligations where witnesses have testified to uncertainty regarding document retention or litigation-hold instructions

20. Courts routinely exercise supervisory authority where discretionary law-enforcement escalation has been acknowledged, as the risk of chilled testimony arises before discovery disputes materialize.

21. Where preservation obligations have been communicated but their dissemination remains unclear, a narrowly tailored court order is appropriate to ensure individual compliance and avoid later disputes regarding spoliation or witness coaching.

## BASIS FOR RELIEF

22. This case involves current and former employees, students, and third parties who may possess relevant information. Plaintiff is an individual litigant opposing institutional defendants with centralized control over internal communications and personnel.

23. Early clarification that:

    - No retaliation or interference is permitted, and
    - Evidence must be preserved

serves the interests of fairness and judicial economy and imposes **no additional burden** beyond existing legal duties.

24. Nothing in this Order alters or waives attorney–client privilege or work-product protections; however, factual communications and administrative notices not involving legal advice remain subject to preservation obligations.

## REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter the attached **Proposed Protective and Supervisory Order**, which orders Defendants to:

25. Prohibit retaliation or intimidation of witnesses.

26. Prohibit interference with testimony or cooperation.

27. Requires preservation of relevant evidence.

28. Clarifies that communications with represented parties occur through counsel.

29. Prohibit Defendants, their counsel, and University administrators from disseminating unverified, character-based, or extraneous personal information about Plaintiff to students or potential witnesses in a manner that could materially prejudice these proceedings.

30. Defendants shall preserve all documents, electronically stored information, and communications reasonably related to this action, including drafts, informal communications, text messages, messaging applications, and documents reviewed in preparation for testimony, pending further order of the Court.

31. **Defendants shall not suggest, imply, or communicate—directly or indirectly—that participation in this action could affect immigration status, licensure, law-enforcement exposure, or referral to external authorities.**

32. Clarify that preservation obligations apply individually and immediately to officers, administrators, supervisors, faculty, and staff who possess or control relevant information, including communications on personal devices, personal email accounts, messaging applications, and draft materials created or reviewed in anticipation of testimony.

33. Order preservation notices to be sent out to individual custodians as detailed in the preservation notices sent out to Defendants beginning in July 25, 2025.

34. This relief is limited, neutral, and procedural in nature.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter the proposed order attached hereto.

Respectfully submitted,

January 16, 2026

**Jaehyun Kim**
Plaintiff, pro se
815 E St, PO Box #12214
San Diego, CA, 92112
(857) 381-3352
jaehyunkim720@gmail.com