UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAEHYUN KIM,<br><br>        Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>        Defendants. | **Civil Action No: 1:25-cv-13928-WGY** |

## PROTECTIVE AND SUPERVISORY ORDER

*(With Compliance and Certification Requirements)*

Upon consideration of Plaintiff's Motion for Protective and Supervisory Order, and pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 26(c), it is hereby **ORDERED**:

## NON-RETALIATION

Defendants, including their officers, administrators, employees, agents, contractors, and representatives, **shall not retaliate**, discipline, threaten, monitor, or take adverse action—directly or indirectly—against any current or former employee, student, or third party for participating in, cooperating with, or providing information related to this litigation.

## NON-INTERFERENCE WITH WITNESSES

Defendants shall not directly or indirectly interfere with, discourage, influence, or condition any person's decision to provide information, testimony, or cooperation in connection with this action, except through counsel in the ordinary course of representation.

**Prohibited conduct includes, but is not limited to:**

(a) advising, suggesting, or implying that participation may affect academic standing, employment, evaluations, licensure prospects, references, immigration status, or professional opportunities;

(b) directing or pressuring witnesses to communicate through internal University channels, administrators, or compliance offices rather than independently;

(c) disseminating unverified, character-based, or extraneous personal information about Plaintiff to students or potential witnesses in a manner that could materially prejudice these proceedings.

**(d)** collecting, reviewing, requesting, influencing, or rehearsing drafts of witness statements, recollections, or narratives **by any University officer, administrator, employee, or agent**, except by **counsel of record for Defendants** in the ordinary course of legal representation.

(e) any such preparation shall be accompanied by a contemporaneous, **non-privileged log** identifying the date, participants, duration, and general purpose of the interaction, which shall be preserved.

(f) the log shall not include the substance of legal advice but shall be sufficient to permit the Court to assess compliance with this Order.

(g) any factual witness preparation conducted by counsel shall not involve the dissemination of scripted narratives, coordinated recollections, or shared drafts among multiple witnesses.

Defendants, their counsel, and University administrators shall not **solicit, encourage, steer, or prompt** students or potential witnesses to provide information regarding Plaintiff or this litigation.

Nothing in this Order prohibits Defendants or their counsel from **passively receiving unsolicited communications** from students or witnesses, provided that such receipt does not involve solicitation, pressure, narrative shaping, or dissemination inconsistent with this Order.

### RETROSPECTIVE DISCLOSURE

Within seven (7) days of entry of this Order, Defendants shall file a certification signed by counsel stating whether, prior to entry of this Order, any factual witness preparation, statement drafting, recollection review, or narrative discussion occurred with respect to this litigation.

If such preparation occurred, Defendants shall preserve and, upon request of the Court, produce a **non-privileged retrospective log** identifying for each instance:

(i) the date or approximate date;

(ii) the participants;

    (iii) the duration;

    (iv) the general purpose of the interaction; and

    (v) whether drafts, outlines, or coordinated narratives were used.

This disclosure shall not require disclosure of the substance of legal advice or attorney mental impressions.

## **PRESERVATION OF EVIDENCE**

Defendants shall preserve **all** documents and electronically stored information reasonably related to the claims or defenses in this action, including emails, text messages, messaging-application communications, personal devices, drafts, notes, metadata, and materials reviewed or prepared in anticipation of testimony.

Preservation obligations apply **individually and immediately** to officers, administrators, supervisors, faculty, staff, or any other agents of the university, including information stored on personal devices or personal accounts used for University business.

## **MANDATORY NOTICE AND DISTRIBUTION**

Within **two (2) days** of entry of this Order, Defendants shall distribute a copy of this Order to:

- all officers, administrators, supervisors, and employees reasonably likely to interact with potential witnesses; and
- all individuals reasonably likely to be custodians of relevant information.

## **CERTIFICATION OF COMPLIANCE**

Within **seven (7) days** of entry of this Order, Defendants shall file a **certification signed by counsel** stating that:

(a) this Order has been distributed as required;

(b) preservation obligations consistent with this Order have been implemented;

(c) Defendants understand that failure to comply may result in sanctions, evidentiary consequences, or other relief the Court deems appropriate; and

(d) A log showing the exact custodians the preservation notices were distributed to, and received.

## ENFORCEMENT AND ESCALATION

Any violation of this Order may result in appropriate relief, including evidentiary sanctions, adverse inferences, or other remedies the Court deems just and proper. The Court retains jurisdiction to enforce this Order.

## NO FINDINGS ON THE MERITS

This Order is procedural and supervisory in nature and reflects no findings of fact or conclusions of law regarding the merits of the claims or defenses.

**IT IS SO ORDERED.**

Date:

United States District Judge