UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAEHYUN KIM,<br>　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF PHARMACY AND HEALTH SCIENCES, and John Does 1-10,<br><br>　　　　Defendants. | Civil Action No: 1:25-cv-13928-WGY |

## PLAINTIFF'S MOTION FOR LIMITED EARLY DISCOVERY AND IN-CAMERA REVIEW OF ASSERTEDLY PRIVILEGED MATERIALS

### INTRODUCTION

Plaintiff seeks **narrow, limited early discovery and in-camera review** of communications withheld by Defendants on the basis of attorney–client privilege. Defendants have already placed the **lawfulness, good-faith compliance, and procedural integrity** of their disciplinary actions at issue. They cannot rely on purported legal compliance as a defense while simultaneously shielding the communications that shaped that process.

Defendants' opposition relies on assertions of legal compliance and good-faith process while simultaneously withholding the communications that generated those actions. Plaintiff has consistently alleged that Defendants abandoned their published disciplinary process and substituted counsel-driven enforcement. Having now relied on the purported legality of those actions, Defendants have placed the role of counsel squarely at issue.

Plaintiff therefore respectfully requests that the Court conduct in-camera review of communications reflecting counsel's involvement in the investigation, decision-making, and issuance of exclusionary measures, or alternatively order limited disclosure sufficient to test Defendants' claims.

Courts routinely authorize **in-camera review at any stage** where fairness so requires, including **before a motion to dismiss**. See **United States v. Zolin**.

## PROCEDURAL POSTURE

1. Plaintiff challenges Defendants' disciplinary actions as **retaliatory and unlawful** under federal law.
2. Defendants have publicly and formally asserted that their actions were **lawful, compliant, and undertaken in good faith pursuant to institutional policy and legal requirements**.
3. The evidence necessary to test those assertions—communications reflecting the role of counsel in the investigation, discipline, and outcome—is **exclusively in Defendants' control**.
4. Delay would cause **irreparable and irreversible harm** to Plaintiff's academic standing and professional trajectory.

## LEGAL STANDARD

### Early Discovery for Good Cause

Courts may authorize limited early discovery upon a showing of **good cause**, particularly where:

- facts are uniquely controlled by the defendant, and
- delay would render relief meaningless.

### In-Camera Review at Any Stage

The Supreme Court has confirmed that courts may conduct **in-camera review of assertedly privileged materials at any stage of the proceedings** where there is a factual basis to question the privilege claim. **United States v. Zolin**.

### At-Issue / Implied Waiver

Where a party **affirmatively relies on legal compliance or advice to justify challenged conduct**, it waives privilege as to communications bearing on that justification. See **Hearn v. Rhay**.

### GOOD CAUSE EXISTS FOR PRE-MTD REVIEW

Defendants have already put the following **squarely at issue**:

- the legality of their disciplinary process;
- the integrity of their internal investigation;
- their alleged good-faith compliance with federal law.

Defendants' counsel was embedded in the process—drafting notices, shaping procedures, approving outcomes, or directing administrators. Where counsel functions as a **decision-maker or operational actor**, communications are not protected legal advice.

Courts have compelled disclosure in materially identical higher-education cases during discovery—often well before trial—where institutions attempted to use "process" as both a sword and a shield. See, e.g., **Doe v. Amherst College**.

### REQUESTED REVIEW IS NARROW AND PROPORTIONATE

Plaintiff does **not** seek wholesale production. Plaintiff requests **in-camera review only** of:

1. Drafts of disciplinary or outcome letters authored, edited, or approved by counsel;
2. Communications where counsel directed, approved, or influenced investigative steps or sanctions;
3. Communications reflecting reliance on legal advice to justify the challenged actions.

This relief preserves legitimate privilege while preventing its misuse to obstruct judicial review.

### RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Order Defendants to submit the above-described materials for **in-camera review**;
2. Alternatively, authorize **limited early discovery** confined to those materials;
3. Grant such further relief as the Court deems just and proper.

**Respectfully submitted,**

January 27. 2026<br>
Jaehyun Kim<br>
Pro se Plaintiff<br>
815 E St, PO Box #12214<br>
San Diego, CA, 92112<br>
857 381 3352<br>
jaehyunkim720@gmail.com

## **CERTIFICATE OF SERVICE**

      I, Jaehyun Kim, hereby certify that on January 27, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

 

*/s/ Jaehyun Kim*

_____

Jaehyun Kim