UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAEHYUN KIM,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>    Defendants. | **Civil Action No: 1:25-cv-13928-WGY** |

## PLAINTIFF'S PROPOSED FINDINGS OF FACT

1. Plaintiff Jaehyun Kim was enrolled as a Doctor of Pharmacy student at Massachusetts College of Pharmacy and Health Sciences ("MCPHS") beginning in September 2021 and remained enrolled through Fall 2024.

2. Plaintiff was not dismissed for academic failure or academic misconduct.

3. At all relevant times, MCPHS was a private university receiving federal financial assistance and was bound by its published Student Handbook and disciplinary policies.

4. MCPHS's Student Handbook promised that severe disciplinary sanctions, including expulsion, would be preceded by written charges, an investigation, a conduct hearing, written findings, and an opportunity for appeal.

5. Beginning in 2021 and continuing through 2024, Plaintiff repeatedly reported student misconduct, racial harassment, and safety concerns to MCPHS administrators.

6. MCPHS acknowledged receipt of Plaintiff's complaints but repeatedly declined to take corrective or disciplinary action against the reported students.

7. In Spring 2024, Plaintiff requested a Leave of Absence related to health-related difficulties.

8. MCPHS classified Plaintiff's Leave of Absence as a medical leave and imposed medical documentation requirements as a condition of return.

9. MCPHS personnel were aware that Plaintiff had been diagnosed with a mental-health condition and had engaged MCPHS counseling services.

10. Plaintiff satisfied MCPHS's stated requirements for return from leave, including providing medical documentation confirming his ability to return without restrictions.

11. In Fall 2024, Plaintiff returned to campus as an active student and resumed coursework.

12. After returning from leave, Plaintiff began using MCPHS's anonymous compliance and reporting channels to raise concerns regarding prior misconduct, administrative handling of his case, and procedural irregularities.

13. In Fall 2024, MCPHS treated a message posted by Plaintiff in a Colleges of the Fenway fantasy football group chat, which occurred off campus, as a student conduct complaint.

14. Plaintiff was informed that the content of the message itself was not considered serious.

15. MCPHS nonetheless initiated a Level 1 conduct process and scheduled a meeting with Plaintiff.

16. After Plaintiff filed a formal complaint alleging bias and procedural irregularities and requested clarification regarding the allegations, the scheduled Level 1 meeting was cancelled.

17. Following Plaintiff's complaint, MCPHS escalated the matter to a higher-level disciplinary process.

18. The escalation relied on materials that MCPHS had possessed prior to the initial Level 1 notice.

19. Plaintiff was not provided with written charges, an investigation report, or written findings supporting the escalation of the disciplinary process.

20. Plaintiff continued to raise concerns regarding racial harassment, safety issues, and the handling of his disciplinary matter.

21. On February 3, 2025, Plaintiff submitted a written complaint to MCPHS leadership detailing his concerns and alleged mistreatment.

22. On February 19, 2025, Plaintiff received confirmation from the U.S. Department of Education Office for Civil Rights that his civil rights complaint against MCPHS had been received and assigned a case number.

23. On February 20, 2025, one day after Plaintiff received confirmation of his OCR complaint, MCPHS separated Plaintiff from the University.

24. On the same day, MCPHS issued a cease-and-desist letter and a no-trespass order through outside counsel.

25. MCPHS did not provide Plaintiff with written charges, an investigation, a conduct hearing, written findings, or an appeal prior to the separation decision.

26. On February 24, 2025, MCPHS issued a written separation letter stating that Plaintiff's status had been permanently changed.

27. On February 25, 2025, MCPHS placed an expulsion notation on Plaintiff's academic transcript.

28. MCPHS did not provide Plaintiff with a written threat assessment or investigative findings supporting the expulsion decision.

29. Following the expulsion, MCPHS disabled Plaintiff's student email account and restricted further communications to outside counsel.

30. MCPHS prohibited Plaintiff from returning to campus despite Plaintiff being physically located outside the United States at the time of expulsion.

31. MCPHS's actions occurred shortly after Plaintiff engaged in protected activity, including internal complaints, record requests, opposition to escalation, and the OCR complaint.

32. MCPHS deviated from its published disciplinary procedures by imposing expulsion without completing the promised conduct process.

33. MCPHS's adverse actions would dissuade a reasonable student from engaging in protected activity.

34. As a result of MCPHS's actions, Plaintiff lost his student status, suffered an expulsion notation on his transcript, and was prevented from transferring to other institutions.

35. Plaintiff suffered loss of educational opportunity, reputational harm, and economic loss as a consequence of the expulsion.

                                              **Respectfully submitted,**

January 29, 2026  
Jaehyun Kim  
Pro se Plaintiff  
815 E St, PO Box #12214  
San Diego, CA, 92112  
857 381 3352  
jaehyunkim720@gmail.com

## **CERTIFICATE OF SERVICE**

    I, Jaehyun Kim, hereby certify that on January 29, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

_____

Jaehyun Kim