UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAEHYUN KIM,<br>   Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>   Defendants. | **Civil Action No: 1:25-cv-13928-WGY** |

# PLAINTIFF'S MOTION FOR LIMITED DOCUMENT PRODUCTION OR, IN THE ALTERNATIVE, TO LIMIT THE SCOPE OF ADJUDICATION

Plaintiff Jaehyun Kim respectfully moves this Court for an order ensuring a fair adjudication following consolidation under Rule 65(a)(2). Specifically, Plaintiff requests that the Court either (1) permit narrowly tailored, document-only production of contemporaneous administrative communications material to Defendants' asserted justification for the challenged action, or (2) expressly limit the scope of adjudication so that intent-, motive-, or pretext-based findings are not resolved adversely to Plaintiff on an incomplete record.

## Procedural Posture

On January 29, 2026, the Court consolidated Plaintiff's motion for preliminary injunction with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2), waived the jury, and set an expedited bench trial. The Court also indicated that it would not permit extensive discovery.

Plaintiff understands and respects the Court's intent to avoid protracted discovery and delay. However, consolidation to a merits trial necessarily triggers the requirement that the adjudication be conducted on a record sufficient to permit fair resolution of the issues actually decided.

---

### The Need for a Fairness Determination Under Rule 65(a)(2)

Rule 65(a)(2) permits consolidation **only so long as it does not prejudice a party's right to a fair trial**. Where a defendant's justification turns on internal deliberative processes, contemporaneous decision-making communications are not peripheral—they are the evidence.

Here, Defendants have justified the challenged action by reference to internal administrative review, consultation, and evaluative judgment. The contemporaneous communications reflecting those deliberations are **exclusively within Defendants' possession**. Plaintiff does not possess, and has never been provided, communications among administrators relating to the decision at issue.

Absent limited access to those materials, Plaintiff cannot meaningfully test Defendants' asserted rationale or pretext at a trial on the merits.

This motion does **not** seek extensive discovery, depositions, or a broad Rule 26 process. It seeks only to ensure that the Court is not asked to resolve intent-based or pretext-dependent issues on a record that is necessarily incomplete by design.

### Narrow, Document-Only Relief Is Sufficient

If the Court elects to permit limited production, Plaintiff proposes a **strictly confined scope**, limited to:

- contemporaneous communications **between administrators in the Student Affairs, Provost Office, and OSAA office.**
- concerning Plaintiff's discipline, expulsion, or related decision-making
- within a defined and short date range surrounding the decision eg. September 2024 - February 28, 2025.
- limited to materials reflecting **recommendations, deliberations, or approvals**

Plaintiff does not seek depositions, interrogatories, or third-party discovery.

This narrow production would allow the Court to adjudicate the merits with confidence that the asserted justification can be tested rather than assumed.

### Alternative Relief: Limitation of Adjudicative Scope

If the Court determines that even limited document production is unwarranted, Plaintiff respectfully requests that the Court **limit the scope of adjudication** so that issues dependent on internal deliberations—such as intent, motive, bad faith, or pretext—are not resolved adversely to Plaintiff on the present record.

This alternative relief preserves the integrity of the adjudication while respecting the Court's desire for expedition.

---

**V. Conclusion**

The Court is respectfully asked to choose between two lawful and fair paths forward:

1. Permit narrowly tailored, document-only production of contemporaneous administrative communications material to Defendants' justification; **or**

2. Limit the scope of adjudication so that intent- or pretext-based findings are not decided against Plaintiff without access to such materials.

Plaintiff seeks no delay, no fishing expedition, and no expansion of the case—only a fair record on which the consolidated merits adjudication may proceed.

**Respectfully submitted,**

January 29, 2026
Jaehyun Kim
Pro se Plaintiff
815 E St, PO Box #12214
San Diego, CA, 92112
857 381 3352
jaehyunkim720@gmail.com

**CERTIFICATE OF SERVICE**

      I, Jaehyun Kim, hereby certify that on January 29, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

                                                              Jaehyun Kim