**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| _____ ) | |
| JAEHYUN KIM, ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No: 1:25-cv-13928-WGY** |
| MASSACHUSETTS COLLEGE OF ) | |
| PHARMACY AND HEALTH SCIENCES, ) | |
| and John Does 1-10, ) | |
| ) | |
|         Defendants. ) | |
| _____ ) | |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE COLLATERAL CRIMINAL-PROCESS REFERENCES AND TO LIMIT SOCIAL-MEDIA EVIDENCE

Plaintiff respectfully moves in limine for an order excluding references to collateral criminal-process matters and limiting the admission of social-media evidence, pursuant to Federal Rules of Evidence 401–403 and the Court's inherent authority to manage trial proceedings. This motion is narrow, prophylactic, and designed to ensure a focused, fair bench trial on the pleaded civil claims.

### INTRODUCTION

This case concerns defined civil claims arising from Defendants' conduct and Plaintiff's resulting harm. References to unresolved criminal processes and unbounded compilations of social-media content risk unfair prejudice, confusion of the issues, and mini-trials on collateral matters. Plaintiff seeks targeted guardrails to keep the trial tethered to the elements actually in dispute.

**REQUESTED RULINGS**

1. Exclusion of collateral criminal-process references. The Court should exclude evidence or argument concerning the existence, status, or merits of any criminal complaint application, investigation, or law-enforcement characterization related to Plaintiff, except for non-hearsay facts strictly necessary to establish timing or notice. No party should argue or imply guilt, dangerousness, or draw inferences from law-enforcement involvement. Any marginal relevance is substantially outweighed by unfair prejudice and confusion under Rule 403.

2. Limitation of social-media evidence. The Court should limit social-media posts or communications to those that are (a) contemporaneous with the operative events, (b) specifically tied to an element of a claim or defense (such as intent, causation, or damages), and (c) presented with full context, including date, platform, and audience. Posts offered solely for volume, tone, or character portrayal should be excluded under Rules 401 and 403.

3. No character or propensity use of social-media content. The Court should preclude use of social-media evidence to argue character, propensity, or labels (e.g., "dangerous," "harassing"), absent a tight, element-specific nexus. See Fed. R. Evid. 404(a), 403.

**LEGAL STANDARD**

Evidence must be relevant to be admissible. Fed. R. Evid. 401–402. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time. Fed. R. Evid. 403. Courts possess broad authority to issue in-limine rulings to streamline trials and prevent collateral mini-trials.

**ARGUMENT**

A. Collateral criminal-process references are irrelevant or unfairly prejudicial. Unresolved criminal processes invite improper inferences and distract from the civil elements to be decided. Any limited relevance to timing or notice can be addressed without reference to law-enforcement conclusions or status, which would otherwise confuse and prejudice.

B. Unbounded social-media compilations mislead without context. Selective excerpts distort intent and impact. Limiting posts to element-specific, contemporaneous content with full context preserves accuracy and efficiency.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court grant the foregoing in-limine rulings excluding collateral criminal-process references and limiting social-media evidence as specified, and grant such further relief as the Court deems just to ensure a fair, efficient trial.

**Respectfully submitted,**

January 30, 2026
Jaehyun Kim

Pro se Plaintiff<br>
815 E St, PO Box #12214<br>
San Diego, CA, 92112<br>
857 381 3352<br>
jaehyunkim720@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jaehyun Kim, hereby certify that on January 30, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

Jaehyun Kim