UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAEHYUN KIM, <br>     Plaintiff, <br><br> v. <br><br> MASSACHUSETTS COLLEGE OF PHARMACY AND HEALTH SCIENCES, and John Does 1-10, <br><br>     Defendants. | Civil Action No: 1:25-cv-13928-WGY |

**PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL DUE TO COUNSEL-AS-WITNESS ADVOCACY AND IRREPARABLE PREJUDICE**

Plaintiff moves to disqualify defense counsel because counsel has repeatedly injected factual narratives not supported by the record, thereby becoming a de facto witness on disputed issues. This conduct violates the advocate–witness rule and renders fair adjudication impossible.

**I. LEGAL STANDARD**

Courts may disqualify counsel where counsel's advocacy places them in the role of a witness on disputed facts, or where continued representation threatens the integrity of the proceedings. Disqualification is appropriate to prevent prejudice and preserve public confidence in the judicial process.

**II. COUNSEL HAS BECOME A NECESSARY FACTUAL NARRATOR**

Defense counsel has supplied factual explanations and justifications regarding:

- alleged waivers and procedural posture;
- institutional decision-making and compliance;
- motivations and bases for actions challenged in this case;

that are **not** attributable to any testifying witness with personal knowledge and **not** supported by contemporaneous documentation. These assertions require testimony and cross-examination—functions counsel cannot perform while serving as advocate.

### III. PREJUDICE IS IRREPARABLE

Allowing counsel to continue as both narrator and advocate:

- risks crediting unsworn assertions as fact;
- deprives Plaintiff of meaningful cross-examination;
- contaminates the bench trial record with advocacy masquerading as evidence.

No lesser remedy cures this defect once counsel continues to inject facts.

### IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Disqualify defense counsel** from further representation in this matter;
2. **Alternatively**, preclude counsel from advancing any factual assertions not supported by sworn testimony or exhibits, with leave for Defendant to proceed through different counsel or properly designated witnesses.

**Respectfully submitted,**

January 31, 2026<br>
Jaehyun Kim<br>
Pro se Plaintiff<br>
815 E St, PO Box #12214<br>
San Diego, CA, 92112<br>
857 381 3352<br>
jaehyunkim720@gmail.com

### CERTIFICATE OF SERVICE

I, Jaehyun Kim, hereby certify that on January 31, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

Jaehyun Kim