**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JAEHYUN KIM,<br>　　　　　　Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>　　　　　　Defendants. | Civil Action No: 1:25-cv-13928-WGY |

**EMERGENCY MOTION TO COMPEL APPEARANCE OF PARTY WITNESSES OR PERMIT ALTERNATIVE SERVICE**

**Plaintiff**, pro se, respectfully moves for an order compelling the appearance of party-controlled witnesses or, in the alternative, permitting service through Defendants' counsel or other alternative means. In support, Plaintiff states:

### I. INTRODUCTION

Defendants are employing a transparent tactic to obstruct Plaintiff's ability to secure witness testimony for trial: directing key administrative witnesses to work remotely and then asserting that personal service is therefore impossible. These witnesses are employees and agents of Defendant Massachusetts College of Pharmacy and Health Sciences ("MCPHS"), are represented by defense counsel, and are under Defendants' control. Working from home does not

immunize party witnesses from subpoenas, nor does it excuse Defendants from producing their own witnesses at trial.

Absent immediate relief, Plaintiff will be materially prejudiced at trial.

## II. FACTUAL BACKGROUND

1. Trial is scheduled to commence on **February 4, 2026**.
2. Plaintiff has attempted in good faith to subpoena multiple MCPHS administrators and employees with direct knowledge of the events at issue.
3. Defense has represented that these witnesses are "working from home," "unavailable," or otherwise cannot be personally served.
4. These witnesses are current MCPHS employees, acting within the scope of their employment, and are represented by Defendants' counsel in this action.
5. Defendants are therefore exercising control over witness availability while simultaneously claiming inability to produce them.
6. Defense counsel Timothy J. Fazio has been intentionally unresponsive to any emails or contact.

This is not a logistical coincidence; it is coordinated witness control.

## III. LEGAL STANDARD

Federal courts possess broad authority under **Fed. R. Civ. P. 45**, **Rule 16**, and their inherent powers to:

- Compel the attendance of party witnesses;

- Permit alternative service where personal service is impracticable or obstructed; and
- Prevent unfair prejudice caused by tactical evasion of process.

Party witnesses—particularly employees of an institutional defendant—do not stand in the same posture as neutral third parties. Courts routinely require defendants to produce their own employees for trial or suffer adverse consequences.

## IV. ARGUMENT

### A. Defendants Must Produce Their Own Employees for Trial

MCPHS cannot shield its administrators from testimony by allowing them to work remotely. These individuals are not strangers to the litigation; they are central actors whose testimony goes directly to liability, motive, and pretext.

Defendants' control over these witnesses imposes a corresponding obligation to make them available.

### B. Alternative Service Is Appropriate and Necessary

Even if personal service were required—which Plaintiff does not concede—courts may authorize service:

- Through counsel of record;
- Via email or certified mail; or
- By court order deeming service complete.

Defendants' counsel is already communicating about these witnesses' availability, confirming both representation and control.

### C. Defendants' Conduct Warrants Adverse Inference if Not Cured

If Defendants continue to block access to these witnesses, the Court may properly infer that their testimony would be unfavorable. In a bench trial, such inferences are particularly appropriate.

### V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. **Order Defendants to produce the identified MCPHS employee witnesses for trial**, regardless of remote work status;
2. **Alternatively, authorize service of subpoenas through Defendants' counsel or by other alternative means**;
3. **Permit testimony by remote video if necessary to avoid further prejudice**; and
4. Grant such other relief as the Court deems just and proper.

### VI. CONCLUSION

Defendants do not get to litigate by hiding their witnesses. Remote work is not a litigation privilege, and this Court should not reward coordinated obstruction on the eve of trial.

**Respectfully submitted,**

February 2, 2026<br>
Jaehyun Kim<br>
Pro se Plaintiff<br>
815 E St, PO Box #12214<br>
San Diego, CA, 92112<br>
857 381 3352<br>
jaehyunkim720@gmail.com

## CERTIFICATE OF SERVICE

I, Jaehyun Kim, hereby certify that on February 2, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

Jaehyun Kim