UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAEHYUN KIM,

        Plaintiff,

vs.

MASSACHUSETTS COLLEGE OF
PHARMACY AND HEALTH SCIENCES,
and John Does 1-10

        Defendant.

Case No.: 1:25-cv-13928-WGY

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S POST-TRIAL MOTION TO ADMIT ADDITIONAL EXHIBITS REFERENCED AT TRIAL AND NECESSARY TO COMPLETE THE RECORD**

Now comes the above-named Defendant, Massachusetts College of Pharmacy and Health Sciences, properly named MCPHS University ("MCPHS" or the "University"), and hereby opposes Plaintiff's Post-Trial Motion to Admit Additional Exhibits Referenced at Trial and Necessary to Complete the Record. As reasons thereof, MCPHS states as follows:

**LEGAL STANDARD**

A district court's decision to reopen the record after the close of evidence "turns on flexible and case-specific criteria." Dairy Farmers of Am., Inc. v. Bernon Land Trust, LLC, No. 1:22-CV-10422-JEK, 2024 WL 3498591, at *1 (D. Mass. Jul. 22, 2024), (quoting Davignon v. Hodgson, 524 F.3d 91, 114 (1st Cir. 2008)). This criteria includes "whether (1) the evidence sought to be introduced is especially important and probative; (2) the moving party's explanation for failing to

1

introduce the evidence earlier is bona fide; and (3) reopening will cause no undue prejudice to the non-moving party." Id., (quoting Anderson v. Brennan, 911 F.3d 1, 13 (1st Cir. 2018)).

Moreover, "the mere assertion that post-trial developments bear on the credibility of a trial witness's testimony is not an adequate reason to reopen the trial record." Id. Concluding otherwise "would undermine interests in the finality and efficiency of the judicial process." Id.

## ARGUMENT

The four pieces of evidence that Mr. Kim seeks to admit post-trial are not especially important nor probative, and Mr. Kim makes no such argument. Nor does Mr. Kim's motion offer any semblance of a *bona fide* reason as to why he failed to introduce these pieces of evidence prior to resting his case in chief. Instead, Mr. Kim suggests that this evidence "is necessary to resolve material factual disputes created by Defendants' witnesses at trial and to permit informed credibility decisions." Mr. Kim had the opportunity to address purported factual disputes when presenting his case and probing witness credibility during his examinations. Put simply, he chose not to do so.

Finally, reopening the record to admit this evidence would cause significant undue prejudice to MCPHS. In his motion, Mr. Kim explicitly states that he wants to admit these pieces of evidence for the purpose of impeaching the testimony of these witnesses. Altering the evidentiary record post-trial runs the risk of undermining the non-moving party's entire trial strategy and preparation. Witnesses have already been excused and may not be available. Decisions to call rebuttal witnesses or introduce counter-exhibits were already made in reliance on the admitted evidence at trial. Moreover, the very premise of impeachment is conducted during trial to allow contemporaneous response, including arguments against its admission or minimizing

any supposed impeachment value. Admitting this evidence now would deny MCPHS that process and diminish its right to rely on established rules of civil procedure and evidence.

The Court provided Mr. Kim with the opportunity to try his case in full. This included giving Mr. Kim the opportunity to introduce admissible evidence he felt that would support his claims and/or rebut the MCPHS' defenses prior to resting his case. Mr. Kim cannot now circumvent the established rules of civil procedure and evidence by attempting to admit post-trial evidence that he had every opportunity to utilize at the appropriate time: during trial.

## **CONCLUSION**

For all of the reasons set forth herein, MCPHS respectfully requests that this Court deny Mr. Kim's Post-Trial Motion to Admit Additional Exhibits Referenced at Trial and Necessary to Complete the Record.

Respectfully submitted,

**Defendant,**
Massachusetts College of Pharmacy and
Health Sciences University
By Its Attorneys,

*/s/ Timothy J. Fazio*
Timothy J. Fazio (BBO #654157)
Bridget C. Araldi (BBO #717261)
Manning Gross + Massenburg LLP
125 High Street
6th Floor, Oliver Street Tower
Boston, MA 02110
TEL: (617) 670-8800
FAX: (617) 670-8801
tfazio@mgmlaw.com
baraldi@mgmlaw.com

Dated: February 11, 2026

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the United States District Court for the District of Massachusetts by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record on February 11, 2026.

*/s/ Timothy J. Fazio*
Timothy J. Fazio
