UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAEHYUN KIM,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) **Civil Action No: 1:25-cv-13928-WGY**<br>)<br>)<br>)<br>)<br>)<br>) |

# PLAINTIFF'S STATEMENT FOR THE RECORD REGARDING DENIAL OF DISCOVERY AND RESULTING PREJUDICE

Plaintiff respectfully makes the following statement to preserve the issue of discovery for appellate review.

This case turned in substantial part on Defendants' assertion that Plaintiff constituted a "public safety threat" and that institutional action was justified on that basis.

Plaintiff sought access to internal communications, including emails between administrators and Public Safety personnel, in which Plaintiff was allegedly characterized as a public safety threat. Plaintiff also sought access to:

- Communications reflecting when that designation was first made;

- Any threat assessment or risk evaluation;

- Communications with law enforcement;

- Drafts of the decision letter;

- Comparator disciplinary records;

- Documentation reflecting whether handbook procedures were followed or bypassed.

Those materials were not produced.

The public safety designation was central to Defendants' justification for emergency action, separation, and escalation. The internal communications forming the basis of that designation were uniquely within Defendants' control.

Without access to those materials, Plaintiff was unable to:

- Test whether the designation preceded investigation or hearing;

- Examine whether the justification was formed after protected activity;

- Assess whether there were shifting explanations;

- Establish comparator treatment;

- Probe pretext;

- Evaluate intent under Title VI;

- Examine coordination with law enforcement;

- Assess whether mandatory procedural safeguards were deliberately bypassed.

Because motive, intent, and pretext reside primarily in internal communications, denial of access to those materials materially limited Plaintiff's ability to present evidence on retaliation, discriminatory intent, and bad faith.

Plaintiff respectfully preserves the position that the inability to obtain and present such evidence resulted in substantial prejudice affecting the adjudication of core claims.

This statement is made solely to preserve the issue for appellate review.

                                                   **Respectfully submitted,**

*[signature]*

February 11, 2026  
Jaehyun Kim  
Pro se Plaintiff  
815 E St, PO Box #12214  
San Diego, CA, 92112  
857 381 3352  
jaehyunkim720@gmail.com

## CERTIFICATE OF SERVICE

I, Jaehyun Kim, hereby certify that on February 11, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

_____

Jaehyun Kim