**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JAEHYUN KIM,<br><br>            Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No: 1:25-cv-13928-WGY** |

**PLAINTIFF'S MOTION FOR SANCTIONS FOR PATTERN OF NONCOMPLIANCE**

**WITH SUBPOENAS**

Plaintiff Jaehyun Kim respectfully moves for sanctions pursuant to **Federal Rule of Civil Procedure 45** and the Court's inherent authority based on **repeated noncompliance with properly issued and served trial subpoenas**.

**I. OVERVIEW**

This is not an isolated failure.

Plaintiff issued multiple subpoenas commanding appearance at trial.

Each was properly served.

None were complied with.

No motion to quash or objection was filed.

The result was the **systematic absence of key witnesses and documents** directly involved in the events at issue.

## II. SUBPOENAS ISSUED AND SERVED

Plaintiff issued and served subpoenas requiring appearance at trial on February 4, 2026, including:

- **Kevin Nolan** — personally served on February 2, 2026

- **Donald Twombly** — personally served on February 3, 2026

- **Craig Mack** — served via workplace substituted service with follow-up mailing

- **Carl Oliveri** — served via authorized workplace agent

- **Andreana Pavlos** — served via authorized workplace agent

Each subpoena commanded:

- appearance at trial; and

- production of documents related to Plaintiff's disciplinary status

See, Exhibits A - J

## III. NONCOMPLIANCE

Certain subpoenaed witnesses appeared at trial but failed to produce the documents required by the subpoenas.

The subpoenas expressly commanded both:

- appearance; and

- production of documents relating to Plaintiff's disciplinary status.

Despite appearing, these witnesses did not produce the requested materials.

No subpoena recipient:

- served written objections;
- moved to quash or modify the subpoenas;
- sought a protective order.

The record contains no indication that any subpoenaed witness complied with the document production requirements.

Accordingly, the subpoenas were not complied with in full.

Appearance without compliance with document production obligations does not satisfy Rule 45

## IV. RESULTING PREJUDICE

The noncompliance deprived Plaintiff of testimony and evidence from individuals directly involved in:

- the decision-making process leading to Plaintiff's expulsion;
- communications among administrators;
- the factual basis for disciplinary actions.

This was not peripheral evidence.

These were **central witnesses**.

In a bench trial where the record is dispositive, their absence materially altered the evidentiary presentation.

## V. PATTERN OF CONDUCT

The failure of multiple subpoenaed witnesses to appear—without objection or excuse—constitutes a **pattern of noncompliance**, not an isolated incident.

This pattern:

- prevented the development of a complete factual record;
- impaired Plaintiff's ability to examine key decision-makers;
- undermined the integrity of the proceedings.

## VI. LEGAL STANDARD

Under Rule 45, a court may enforce compliance and impose sanctions where a subpoenaed individual fails, without adequate excuse, to obey a subpoena.

The Court also retains inherent authority to address conduct that disrupts the orderly administration of justice.

Where multiple witnesses fail to comply with valid subpoenas, courts may impose remedial measures to cure resulting prejudice.

A subpoena commanding document production imposes an independent duty to produce, and failure to do so—without objection or court relief—is sanctionable.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Draw an adverse inference** that the testimony and documents withheld would have been unfavorable to Defendant;

2. **Alternatively, reopen the evidentiary record** for the limited purpose of obtaining testimony or production from the subpoenaed witnesses;

3. Grant any additional relief necessary to cure the prejudice resulting from the noncompliance.

## VIII. CONCLUSION

Multiple properly served subpoenas were ignored without excuse.

The resulting absence of key witnesses and documents materially affected the record before the Court.

Sanctions are warranted.

**Respectfully submitted,**

03/23/2026
Jaehyun Kim
Pro se Plaintiff
815 E St, PO Box #12214
San Diego, CA, 92112
857 381 3352
jaehyunkim720@gmail.com

## CERTIFICATE OF SERVICE

I, Jaehyun Kim, hereby certify that on March 24, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

_____

Jaehyun Kim