**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JAEHYUN KIM,<br><br>            Plaintiff,<br><br>v.<br><br>MASSACHUSETTS COLLEGE OF<br>PHARMACY AND HEALTH SCIENCES,<br>and John Does 1-10,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Civil Action No: 1:25-cv-13928-WGY**

## PLAINTIFF'S SUPPLEMENTARY MOTION FOR MANDATORY

## DISQUALIFICATION UNDER 28 U.S.C. § 455(a)

Plaintiff Jaehyun Kim respectfully moves for an immediate stay of all proceedings pending mandatory disqualification under 28 U.S.C. § 455(a).

This motion supplements Plaintiff's already-filed Motion for Recusal and related supplemental notices. It does not seek amended findings, reconsideration, or merits relief. It seeks a procedural stop because the Court should not continue exercising judicial authority while a substantiated § 455(a) issue remains pending and while the Court's own findings reinforce the appearance that Plaintiff has not been judged solely on the record.

Section 455(a) is mandatory. It provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Once that objective standard is met, continued adjudication is not neutral. It compounds the appearance problem the statute exists to prevent.

Plaintiff therefore requests that the Court immediately stay all proceedings and refrain from issuing any further substantive rulings unless and until the recusal issue is resolved by disqualification or by other procedurally appropriate action.

## I. LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), Plaintiff certifies that on April 24, 2026 Plaintiff requested Defendants' position on this emergency stay motion / conferral was impracticable before filing because the motion seeks emergency relief from continued judicial action while recusal is pending. Defendants have not currently taken a position.

The issue cannot be resolved by party agreement because it concerns the Court's continued exercise of authority while disqualification under 28 U.S.C. § 455(a) is pending.

## II. GOVERNING STANDARD

A federal court has inherent authority to stay proceedings to control its docket and preserve the orderly administration of justice. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That authority is especially appropriate where a short, targeted stay avoids unnecessary proceedings and preserves the integrity of the case.

Section 455(a) imposes a mandatory duty of disqualification where a judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). The standard is objective. The question is not whether the judge believes himself impartial, and not whether actual bias can be proven. The question is whether a reasonable, informed observer would question impartiality.

**The Supreme Court has held** that § 455(a) protects public confidence in the judicial process by avoiding even the appearance of partiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 864–70 (1988). The First Circuit likewise recognizes that a reasonable person may question impartiality without proof of subjective bias. *In re Bulger*, 710 F.3d 42, 46–49 (1st Cir. 2013).

**Nor is § 455(a) limited to classic extrajudicial bias.** While adverse rulings alone ordinarily do not justify recusal, the Supreme Court has recognized that surrounding comments, accompanying opinions, or judicial statements may create the required appearance problem. *Liteky v. United States*, 510 U.S. 540, 555 (1994). The First Circuit has similarly held that strong judicial statements made in judicial proceedings can trigger § 455(a) where a reasonable person would question impartiality. *United States v. Chantal*, 902 F.2d 1018, 1023–24 (1st Cir. 1990).

### III. RECUSAL IS ALREADY SUBSTANTIVELY IMPLICATED

**Plaintiff has already moved for recusal** based on the Court's handling of unredacted personal identifiers and the refusal to correct that exposure after notice. Plaintiff further supplemented that request with information demonstrating that the exposed identifiers are connected to a documented identity-fraud report.

That alone presents a live § 455(a) issue.

The present motion adds a narrower and equally serious point: **the Court should not continue acting while the appearance issue is pending because the Court's own findings now reinforce the reasonable perception that the adjudication moved outside the record.**

This is not a complaint that Plaintiff lost. Plaintiff did indeed lose, save his upcoming appeal and post trial motions. It is not a request to relitigate merits issues. It is a request to stop further proceedings because the Court's findings themselves include extra-record and unsupported character attributions that would cause a reasonable observer to question whether Plaintiff was judged on evidence or on a narrative the record does not support.

## IV. THE COURT'S EXTRA-RECORD MENTAL-HEALTH FRAMING REINFORCES THE APPEARANCE OF PARTIALITY

**The Court introduced a mental-health explanation** for Plaintiff's conduct despite the absence of medical evidence in the trial record.

**That is not a routine factual inference**. It is a pathologizing characterization of a litigant. It supplies an explanatory framework that was not proven by medical testimony, not established through admissible evidence, and not presented as a clinical issue for adjudication.

The problem is not cured by nominally disclaiming reliance on that explanation. Once the Court injects a mental-health explanation into the factual narrative, **the damage is done: Plaintiff's conduct is filtered through a non-record lens,** his credibility is evaluated under that lens, and the Court's broader view of Plaintiff becomes shaped by a **premise no party proved.**

This Court has elsewhere stated the evidentiary rule plainly: **"speculation is not evidence."** *Am. Ass'n of Univ. Professors v. Rubio*, No. 1:25-cv-10685-WGY, ECF No. 261 at 96 (D. Mass. Sept. 30, 2025).

That principle **must** apply here. Speculation about Plaintiff's mental health is not evidence. A litigant cannot be discredited through a judicially supplied psychological explanation that is unsupported by the record.

**A reasonable observer would question impartiality** where a court **introduces a mental-health explanation for a party's conduct without medical evidence and then proceeds to evaluate that party's credibility and conduct against the background of that explanation.**

## V. THE COURT'S RELIANCE ON PERSONS NOT IDENTIFIED BY MCPHS OR SUPPORTED BY THE RECORD FURTHER REINFORCES THE APPEARANCE PROBLEM

The Court's findings also refer to or rely on individuals such as **"Nathal Tara"** and "**Captain Miller,"** whom MCPHS did not list, identify, or establish as record actors in the manner reflected by the findings.

That is **not a harmless stylistic issue**. If those names are **misidentifications, then the findings rest on factual confusion.** If they are **not misidentifications, then the findings attribute significance to people whose roles were not established by the party defending the challenged action**. Either way, a reasonable observer would see a serious reliability problem.

The issue for this motion is not whether those findings should be amended. Plaintiff is not making that request here. The issue is whether the Court should continue issuing substantive rulings while its own findings contain references to persons who were not identified by MCPHS and whose record basis is **unclear**.

This Court has also said that courts **"live in the real world."** *AAUP v. Rubio*, No. 1:25-cv-10685-WGY, ECF No. 261 at 6. **In the real world, a finding that relies on people the record does not establish is not a neutral clerical matter when it appears in a judgment-defining factual narrative.**

A reasonable observer would not view that problem in isolation. The same record now contains: exposure of sensitive personal identifiers, refusal to correct that exposure after notice, extra-record mental-health speculation, and reliance on persons not identified by MCPHS as record actors. Those facts together create the appearance that Plaintiff is being adjudicated through a narrative external to the evidence.

## VI. IRREPARABLE HARM

Plaintiff is not asking the Court in this motion to amend findings, reconsider judgment, identify a decisionmaker, or revisit causation. Those issues are not necessary to this stay request.

The question here is **narrower and more urgent:**

**Can the Court continue exercising authority while a pending recusal motion is reinforced by the Court's own use of unsupported mental-health framing and apparent reliance on persons not established in the record?**

Under § 455(a), the answer is **no**.

The statute exists to prevent a judge from continuing in a case where impartiality might reasonably be questioned. The harm is not only an erroneous ruling. The harm is the continued exercise of judicial power under a cloud of apparent partiality.

## VII. A STAY IS NECESSARY AND NARROW

A stay is necessary because continued proceedings would deepen the § 455(a) problem. Every additional substantive ruling issued while disqualification remains pending creates further dispute over the validity of those rulings and increases the risk of later vacatur or remand.

The stay requested is **narrow**. Plaintiff asks only that the Court preserve the status quo while the recusal issue is resolved. Defendants suffer no cognizable prejudice from a temporary pause. By contrast, Plaintiff and the judicial process suffer immediate prejudice if the Court continues acting while the appearance of partiality remains live.

The **First Circuit'**s reasoning in *In re Bulger* is directly instructive. There, the court emphasized that the issue under § 455(a) is not actual bias but whether a reasonable person would question the judge's ability to remain impartial, and it treated damage to the judicial system itself as sufficient reason for prompt action. 710 F.3d at 46–49.

The same principle applies here. The appearance problem is not abstract. It is already embedded in the proceedings. The only procedurally sound course is immediate recusal or, at minimum, an immediate stay pending resolution of recusal.

## VIII. CONCLUSION

Plaintiff respectfully submits that recusal is mandatory under 28 U.S.C. § 455(a). The pending recusal motion is reinforced by the Court's own findings, including extra-record mental-health speculation and reliance on persons not identified by MCPHS or established by the record.

This is not a request for delay. It is a request to prevent continued adjudication under circumstances where impartiality might reasonably be questioned.

Plaintiff respectfully requests that the Court:

1. **Stay all proceedings immediately pending mandatory disqualification** under 28 U.S.C. § 455(a);

2. **Refrain from issuing any further substantive rulings while recusal remains pending;**

3. **Recuse itself from further proceedings in this matter;** or, at minimum, **stay the case pending procedurally appropriate resolution of the recusal issue;** and

4. Grant such further relief as necessary to preserve the integrity of the proceedings.

**Respectfully submitted,**

April 24, 2026
Jaehyun Kim
Pro se Plaintiff
815 E St, PO Box #12214
San Diego, CA, 92112
857 381 3352
jaehyunkim720@gmail.com

## CERTIFICATE OF SERVICE

I, Jaehyun Kim, hereby certify that on April 24, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.

_____
Jaehyun Kim

Respectfully submitted,

April 24, 2026
Jaehyun Kim
Pro se Plaintiff
815 E St, PO Box #12214
San Diego, CA, 92112
857 381 3352
jaehyunkim720@gmail.com

## CERTIFICATE OF SERVICE

I, Jaehyun Kim, hereby certify that on April 24, 2026, I filed with the Court through the CM/ECF system the foregoing document which sent notification of such filing to all counsel and parties of record.


_____
Jaehyun Kim